UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

DAMION J. BRICE,
　　　　　*Defendant-Appellant.*

No. 01-4773

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-00-230-CCB)

Submitted: April 25, 2002

Decided: June 20, 2002

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James Wyda, Federal Public Defender, Andrea Dennis Callaman, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Angela R. White, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Damion J. Brice pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 2001), conditioned upon his right to appeal the district court's denial of his pre-trial motions. He was sentenced to 77 months imprisonment. On appeal, Brice argues that the district court erred in denying his motion to suppress the firearm and his motion to dismiss the indictment based on a violation of his Sixth Amendment right to a speedy trial. We affirm.

On appeal, Brice first claims that his encounter with the police constituted a seizure for purposes of the Fourth Amendment that was unsupported by reasonable suspicion. He thus claims that the gun found in his possession should have been suppressed. This Court reviews the factual findings underlying a motion to suppress for clear error, while reviewing the legal determinations de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, review of the evidence is made in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Under *Terry v. Ohio*, 392 U.S. 1 (1968), an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot. *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). To conduct a *Terry* stop, there must be at least a minimal level of objective justification for making the stop. *Id.* Reasonable suspicion requires more than a hunch but less than probable cause and may be based on the collective knowledge of officers involved in an investigation. *Id.*; *see also United States v. Hensley*, 469 U.S. 221, 232 (1985). In evaluating police conduct in a *Terry* stop, courts must consider the totality of the circumstances. *United States v. Sokolow*, 490 U.S. 1, 8 (1989) (quoting *United States v. Cortez*, 449 U.S. 411, 417 (1981)). A suspect's presence in an area known for criminal activity is not, by itself, enough to support a *Terry* stop. However, presence in such an area is among the relevant contextual considerations in a *Terry* analysis. *Wardlow*, 528 U.S. at 124. Other factors include flight upon noticing

the police and nervous, evasive behavior. *Id.* Based on the totality of the circumstances in this case, we find that the district court did not err in denying Brice's motion to suppress.

Brice also complains that the district court erred in denying his motion to dismiss the indictment on the ground that his Sixth Amendment right to a speedy trial had been violated. This Court reviews the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Ward*, 171 F.3d 188, 193 (4th Cir. 1999); *see also Doggett v. United States*, 505 U.S. 647, 651-58 (1992) (conducting de novo review of Sixth Amendment speedy trial claim).

Although Brice was indicted on May 3, 2000, he was not arraigned until May 25, 2001, over a year later. In determining whether a pretrial delay violates a defendant's Sixth Amendment right to a speedy trial, a court must balance four considerations: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the extent of prejudice to the defendant. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972). The Supreme Court has explained that the first factor actually involves two inquiries. The first question is whether the delay is sufficient to trigger a speedy trial inquiry. The Court has answered this question affirmatively where the delay between indictment and arrest approaches one year. *See Doggett*, 505 U.S. at 651-52. Second, courts must consider, together with other relevant factors, "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Id.* at 652. The presumption of prejudice intensifies over time. *See id.* "Presumptive prejudice does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry." *Id.* at n.1. The burden of establishing prejudice rests with the defendant. *See Ricon v. Garrison*, 517 F.2d 628, 634 (4th Cir. 1975). A *Barker* analysis in such a case should be made even where the defendant cannot establish any instance of actual prejudice resulting from the delay. *See United States v. Thomas*, 55 F.3d 144, 149 (4th Cir. 1995). We have reviewed the facts in this case within the framework of the factors set out in *Barker*, 407 U.S. at 530, and find no violation of Brice's Sixth Amendment right to a speedy trial. We therefore conclude that the district court did not err in denying Brice's motion to dismiss the indictment.

Accordingly, we affirm Brice's conviction and sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*